# UNITED STATES DISTRICT COURT

for the

Middle District of Tennessee ▾

Nashville Division

| | | |
|---|---|---|
| Chanthavone Keobounhom | ) | Case No. **3 - 24   0 9 1 2** |
| | ) | *(to be filled in by the Clerk's Office)* |
| *Plaintiff(s)* | ) | |
| *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | ) ) ) ) | Jury Trial: *(check one)* ☑ Yes ☐ No |
| -v- | ) ) | |
| Tractor Supply Co., Todd Hamric, Delilah Ward, Todd Crouse, Nick Underwood, and Ashley Willis | ) ) ) ) | |
| *Defendant(s)* | ) ) | |
| *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | ) ) | |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

**I.      The Parties to This Complaint**

    **A.      The Plaintiff(s)**

        Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Chanthavone Keobounhom |
| Street Address | 8054 Vineyard Lane |
| City and County | La Vergne, Rutherford |
| State and Zip Code | TN 37086 |
| Telephone Number | 615-335-5818 |
| E-mail Address | chanthavonek@gmail.com |

    **B.      The Defendant(s)**

        Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Todd Crouse |
| Job or Title *(if known)* | Team Lead, Quality Assurance |
| Street Address | 5401 Virginia Way |
| City and County | Brentwood, Williamson |
| State and Zip Code | TN 37027 |
| Telephone Number | (518) 588-5873 |
| E-mail Address *(if known)* | tcrouse@tractorsupply.com |

Defendant No. 2

| | |
|---|---|
| Name | Nick Underwood |
| Job or Title *(if known)* | VP of IT |
| Street Address | 5401 Virginia Way |
| City and County | Brentwood, Williamson |
| State and Zip Code | TN 37027 |
| Telephone Number | (615) 440-4700 |
| E-mail Address *(if known)* | nunderwood@tractorsupply.com |

Defendant No. 3

| | |
|---|---|
| Name | Delilah Ward |
| Job or Title *(if known)* | Manager, IT Quality Assurance |
| Street Address | 5401 Virginia Way |
| City and County | Brentwood, Williamson |
| State and Zip Code | TN 37027 |
| Telephone Number | (615) 418-8799 |
| E-mail Address *(if known)* | dward@tractorsupply.com |

Defendant No. 4

| | |
|---|---|
| Name | Ashley Willis |
| Job or Title *(if known)* | HR |
| Street Address | 5401 Virginia Way |
| City and County | Brentwood, Williamson |
| State and Zip Code | TN 37027 |
| Telephone Number | (615) 440-4700 |
| E-mail Address *(if known)* | awillis@tractorsupply.com |

C.    **Place of Employment**

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Tractor Supply Co. |
| Street Address | 5401 Virginia Way |
| City and County | Brentwood, Williamson |
| State and Zip Code | TN 37027 |
| Telephone Number | (615) 440-4700 |

II.    **Basis for Jurisdiction**

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☑    Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐    Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐    Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐    Other federal law *(specify the federal law)*:

☐    Relevant state law *(specify, if known)*:

☐    Relevant city or county law *(specify, if known)*:

## III.   Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.   The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

☐   Failure to hire me.

☑   Termination of my employment.

☐   Failure to promote me.

☐   Failure to accommodate my disability.

☑   Unequal terms and conditions of my employment.

☑   Retaliation.

☑   Other acts *(specify)*:   Hostile work environment

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.   It is my best recollection that the alleged discriminatory acts occurred on date(s)
December 2019 to January 2024

C.   I believe that defendant(s) *(check one)*:

☐   is/are still committing these acts against me.

☑   is/are not still committing these acts against me.

D.   Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

☑   race          Asian/Laotian

☐   color

☐   gender/sex

☐   religion

☐   national origin

☐   age *(year of birth)*          *(only when asserting a claim of age discrimination.)*

☐   disability or perceived disability *(specify disability)*

E.   The facts of my case are as follows. Attach additional pages if needed.

See III. STATEMENT OF CLAIM

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV. Exhaustion of Federal Administrative Remedies

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*
April 30, 2024

B. The Equal Employment Opportunity Commission *(check one)*:

☐ has not issued a Notice of Right to Sue letter.

☑ issued a Notice of Right to Sue letter, which I received on *(date)*   05/07/2024   .

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C. Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐ 60 days or more have elapsed.

☐ less than 60 days have elapsed.

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

See V. RELIEF

## VI.  Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.  For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:  July 26, 2024

Signature of Plaintiff

Printed Name of Plaintiff   Chanthavone Keobounhom

### B.  For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

# I.   THE PARTIES TO THIS COMPLAINT

## B. DEFENDANTS

Defendant No. 5

| | |
|---|---|
| Name | Todd Hamric |
| Job or Title (if known) | Manager, IT Quality Assurance |
| Street Address | 701 Holiday Dr |
| City and County | Dadeville |
| State and Zip Code | AL 36853 |
| Telephone Number | (706) 617-7962 |

## I.   PARTIES

1. Plaintiff relevant to this complaint is a resident of 8054 Vineyard Lane, LaVergne, TN 37086.

2. Defendant Tractor Supply Co is a corporation duly organized and existing under TN, is at 5401 Virginia Way, Brentwood, TN 37027.

3. Defendant Todd Crouse is an employee and the Manager of Tractor Supply Co., from October 2023 to January 2024. Todd Crouse was initially a co-worker who later became a manager from October 2023 to January 2024. Responsible for supervising and ensuring the fair treatment of employees under his management. Todd Crouse Conspired with Todd Hamric to get her fired and falsely accused her of harassing Jagadeesh Anbalagan. Defendant created a hostile work environment by disrupting meetings and training sessions that she was conducting. Spread false information about her, and claimed she did not train him properly. Defendant bullied and harassed her, which lead to severe stress and medical

issues. Defendant instructed colleagues not to communicate with her about work-related issues, which further isolated her.

4. Defendant Todd Hamric was the manager from July 2019 to Oct 2020. Defendant was responsible for overseeing Plaintiff's work and ensuring a fair and productive work environment. Defendant conspired with Todd Crouse to get her fired and ignored her complaints about unfair workload distribution and harassment. Defendant conducted an investigation into her based on false allegations but did not take any disciplinary action against the harassers after clearing her of wrongdoing. Defendant contributed to creating a hostile work environment by dismissing Plaintiff's concerns.

5. Defendant Nick Underwood is a senior executive responsible for overseeing the IT department of Tractor Supply Co., including the management of IT staff and overall departmental policies. Defendant Nick Underwood promoted Todd Crouse to a lead position despite his unethical behavior and the presence of more qualified candidates. Failed to address the ongoing discrimination and harassment issues reported by Plaintiff, thereby implicitly endorsing the discriminatory practices.

6. Defendant Ashley Willis is the HR Case Owner who dismissed Plaintiff's complaints and concerns by stating there was no policy to address her situation. Defendant recommended her termination instead of addressing the discriminatory and hostile work environment. Defendant failed to provide adequate support or take corrective actions to resolve her issues.

7. Defendant Delilah Ward, Manager (July 2023 to Oct 2023), was informed of the history of unfair treatment and harassment faced by plaintiff but did not take effective action to

## I.   THE PARTIES TO THIS COMPLAINT

protect her or resolve the issues. Defendant allowed the continuation of a hostile work environment by failing to address the discriminatory actions of her predecessors.

8.  Glen Wingerd is a Director of the Defendant Company, who is responsible for overseeing broader departmental operations and ensuring compliance with company policies and regulations. He instructed Plaintiff to document her work and interactions. Glen Wingerd was some who Plaintiff had great admiration and respect for. He left the Tractor Supply Co. in July 2023. He granted Plaintiff's request to move to a different team but failed to put adequate action in place before his departure from Tractor Supply Co., contributing to the hostile work environment.

9.  At all times relevant hereto, all Defendants mentioned herein are employees of Tractor Supply Co. At all times relevant hereto, Defendants Todd Hamric, Delilah Ward, Todd Crouse, Nick Underwood, Ashley Willis, and Glen Wingerd, were acting through its agents, servants, and employees, who were acting within the scope of their authority, course of their employment, and under the direct control of the Defendant Tractor Supply Co.

10. At all times material herein, the Defendants have been a "person" and "employer" as defined under the ADA, Title VII, and other extant laws, and is accordingly subject to the provisions of each said act.

## II.    BASIS FOR JURISDICTION

1.  Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1331, which provides original jurisdictions for all civil actions arising under the Constitution, laws, or treaties of the United States.

2.  The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1367 to consider her claims

3.  All conditions precedent to the institution of this suit have been fulfilled and she has satisfied all jurisdictional prerequisites to the maintenance of this action. On 05/07/2024, a Notice of Right to Sue was issued by the Equal Employment Opportunity Commission and this action has been filed within ninety (90) days of receipt of said notice. A copy of the Notice of Right to Sue is attached as **Exhibit A.** A copy of the Charge of Discrimination is attached as **Exhibit B.**

## II.    BASIS FOR JURISDICTION

**Exhibit A -** Notice of Right to Sue

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Nashville Area Office
220 Athens Way, Suite 350
Nashville, TN 37228
(629) 236-2240
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
### (This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 05/07/2024

**To:** Chanthavone Keobounhom
1721A 7th Ave N
NASHVILLE, TN 37208

Charge No: 494-2024-00855

EEOC Representative and email:  GARY WRIGHT
Investigator
Gary.Wright@eeoc.gov

---

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 494-2024-00855.

On behalf of the Commission,

Digitally Signed By:Phillip Bornefeld
05/07/2024
Phillip Bornefeld
Area Office Director

**CC:**
Courtney Lopez
Tractor Supply Co.
5401 Virginia Way
Brentwood, TN 37027

Please retain this notice for your records.

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 494-2024-00855 to the

District Director at Edmond Sims, 200 Jefferson Ave Suite 1400, Memphis, TN 38103.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 494-2024-00855 to the District Director at Edmond Sims, 200 Jefferson Ave Suite 1400, Memphis, TN 38103.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to
https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

## II.    BASIS FOR JURISDICTION

**Exhibit B -** Charge of Discrimination

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | EEOC    FEPA | 494-2024-00855 |

| Tennessee Human Rights Commission | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| I Name (*Indicate Mr., Ms., Mrs., Miss, Mx., Dr., Hon., Rev.*) | Home Phone | Year of Birth |
|---|---|---|
| Chanthavone Keobounhom | 615-335-5818 | 1981 |

**Street Address**

1721A 7th Ave N

NASHVILLE, TN 37208

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| Tractor Supply Co | | |

**Street Address**

5401 VIRGINIA WAY

BRENTWOOD, TN 37027

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| | Earliest | Latest |
| National Origin, Race | 01/02/2024 | 01/02/2024 |

THE PARTICULARS ARE (*If additional paper is needed, attach extra sheet(s)*):

The above-named employer hired me on August 28, 2017, as a Performance Engineer and later promoted to Sr. Engineer, IT Test in October 2020. The above-named employer employs more than 15 employees.

In December 2019, I was subjected to harassment by Todd Crouse, Manager, who is no longer employed with the above-named employer. I was informed that Mr. Crouse reported to Todd Hamric that I caused him to leave. Nevertheless, the harassment was related to unrealistic performance expectations. My colleagues were informed not to talk to me for any work-related issues. There was times that false information was discussed. I even requested a change in supervisor and my request was denied. It created a hostile working environment which caused medical issues to arise. As a result, I requested and was granted a leave of absence. While out on leave of absence in December 2023, I informed the above-named employer my decision to resign due to personal reason(s). On January 02, 2024, I resigned. In addition, despite Todd Crouse unethical behavior, the above-named employer ultimately promoted him.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct.    **Digitally Signed By: Chanthavone Keobounhom**    04/30/2024 | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.   SIGNATURE OF COMPLAINANT    SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*) |
| *Charging Party Signature* | |

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | EEOC  FEPA | **494-2024-00855** |

| Tennessee Human Rights Commission | and EEOC |
|---|---|
| *State or local Agency, if any* | |

I believe I have been discriminated and retaliated against because of my race (Asian) and national origin (Laotian), in violation of Title II of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct.  **Digitally Signed By: Chanthavone Keobounhom**  04/30/2024 | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.  SIGNATURE OF COMPLAINANT  SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |
| *Charging Party Signature* | |

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

**A. Plaintiff's Employment**

1. Plaintiff was employed by the defendant starting on August 28, 2017, as a Performance Engineer. She was later promoted to Senior Engineer, IT Test, in October 2020. During her tenure at Tractor Supply Co.'s IT department, she performed her duties exceptionally, was well-liked, and excelled in her position.

2. Plaintiff was leading the Performance Test Engineering team from June 2018 till October 2020 but never got the official title.

3. The defendant employs more than 15 employees.

4. As a Senior Engineer, IT Test, she was supervised by several managers: Todd Hamric from July 2019 to October 2020, Brandon Ainsworth from November 2020 to May 2023, Delilah Ward from July 2023 to October 2023, and Todd Crouse from October 2023 to January 2024. She faced discrimination and harassment from these supervisors, reporting the issues to management without any resolution which ultimately led to her forced resignation.

5. Plaintiff participated in after work activities that only include the team.

6. Around September 2019, Defendant, Todd Hamric, jokingly ask Plaintiff for afterwork drinks.

7. Around the end of September 2019, Todd Hamric asked Plaintiff again during a one-on-one meeting "Do you drink?" In which Plaintiff stated "Yes." Todd Hamric followed up with "Do you want to go for drinks after work?" Plaintiff informed Mr. Hamric "I prefer not to get drunk with people from work. I would like to maintain professionalism so it's best not to go for drinks. Glen also prefers for his team not to drink on the job."

## III. STATEMENT OF CLAIM

### B. Plaintiff's Discrimination and Harassment

8. From 2019 until her termination, she experienced regular and routine discrimination and harassment based on her national origin by coworkers and supervisors.

9. The harassment began in December 2019 when her friend and colleague, Jagadeesh Anbalagan, overheard a conspiracy by Todd Crouse and Todd Hamric to get her fired. Despite an investigation clearing the plaintiff of any wrongdoing, the harassment continued without any disciplinary action taken against Crouse or Hamric.

10. Between December 2019 and September 2020, she was assigned double the workload compared to her white colleagues. Complaints to Mr. Hamric were ignored, and Todd Crouse created false narratives about the Plaintiff's performance.

11. Glen Wingerd instructed her to document work distribution and record meetings and training sessions, which she did.

12. She was later blocked from accessing these documents stored in SharePoint by Todd Crouse.

13. By September 2020, the unfair treatment caused her significant stress, leading to illness.

14. She requested a transfer to a different team from Glen Wingerd, which was partially granted. However, she was also instructed to create additional training videos and documentation, during which Todd Crouse deliberately disrupted meetings.

15. In October 2020, she reported feeling harassed and experiencing a hostile work environment to Todd Hamric, providing meeting videos as evidence.

## III.   STATEMENT OF CLAIM

16. Her request to transfer to another team was granted by Glen Wingerd, despite ongoing harassment by Todd Crouse. All necessary exhibits will be provided at the trial.

17. The Defendant instructed colleagues not to contact the Plaintiff for work-related issues. For example, in May 2021, Gunjan Goel informed the Plaintiff that Todd Crouse had prohibited work-related contact with her. The Plaintiff's reported to Brandon Ainsworth but issue was dismissed.

18. Plaintiff initially did not go to HR because Glen Wingerd was someone who Plaintiff had great admiration for. He left Tractor Supply Co. in July 2023.

19. The Plaintiff's request for a new supervisor was denied. Despite Crouse's unethical behavior, he was promoted in October 2023 by Nick Underwood. The plaintiff was not promoted despite her qualifications. She faced discrimination and retaliation based on her race (Asian) and national origin (Laotian) in violation of Title VII of the Civil Rights Act of 1964, as amended.

20. In October 2023, the plaintiff informed Delilah Ward of the ongoing unfair treatment by Crouse and Hamric, providing evidence. Although Mr. Hamric promised that he had put corrective actions in place, the harassment continued, including from the HR department.

21. Despite repeated attempts to report the discrimination and harassment, the Plaintiff's concerns were dismissed. The hostile work environment led to medical issues, including nausea, weight loss, and an anxiety disorder. Medical documentation from Dr. Jian Wei, dated December 4, 2023, is attached as **Exhibit A.**

## III. STATEMENT OF CLAIM

22. On November 13, 2023, she filed a formal report of discrimination and harassment based on race and national origin. The report detailed the discriminatory actions by Todd Crouse, Nick Underwood, and Todd Hamric. Management, including Delilah Ward, was repeatedly notified. A copy of the Ethics-Points report is attached as **Exhibit B.**

### C. Defendant's Adverse Employment Actions and Behavior:

23. The Defendant discriminated against the Plaintiff and treated her significantly differently than other similarly situated employees. For example:

    i.    Lesser experienced employees have been promoted over her, despite most of them lacking the career experience or advanced education that she possesses.

    ii.    She attempted to address these issues by reporting her concerns to multiple managers, including Todd Hamric, and to the company's leadership. However, her pleas for help were ignored. The company appeared more interested in protecting its image than addressing the discrimination occurring within it. She submitted a report to HR and met with Ashley Willis, the HR case owner, to discuss her concerns. Ashley seemed dismissive of her claims and told the Plaintiff that there was no policy for her situation.

    iii.    Ashley stated that she felt the Plaintiff should be terminated. The Plaintiff was devastated. After exhausting all means of reporting the issue, she was forced to make a difficult decision. She decided to leave the company, knowing she could no longer work in a place that did not value her or her contributions. As a result, the

## III.   STATEMENT OF CLAIM

Plaintiff requested and was granted a leave of absence. A copy of the leave of absence is attached as **Exhibit C.**

iv.   While on leave in December 2023, she informed the Defendant of her decision to resign due to discrimination based on race and national origin. On January 2, 2024, she resigned. A copy of the resignation letter is attached as **Exhibit D.**

24. During her employment with the Defendant, she received excellent reviews for the high quality of her work and the satisfaction of every client she worked with.

25. She was initially excited to begin her employment with the Defendant, as she is highly knowledgeable and actively engaged in the high-quality engineering she executed. She felt that employment with the Defendant would perfectly fit her skill set, knowledge, and interests.

### D.  Plaintiff's protected status and activity

26. The Plaintiff's protected activities include:

i.   She is Asian/Laotian.

ii.   She is an Asian/Laotian female, aged 42, and has been an employee of the Defendant, Tractor Supply Co., for the past seven years preceding her discharge.

iii.   She complained of unlawful actions by the Defendant.

27. She believes that the Defendant's articulated reason for her termination was pretextual and that her employment was terminated based on her sex, age, race, actual and/or perceived disability, and in retaliation for opposing unlawful discrimination in the workplace.

### III. STATEMENT OF CLAIM

28. Retaliation occurs when an employee is terminated in response to reporting illegal behavior or discrimination, cooperating with investigations, or exercising legal rights.

### COUNT I
### (TITLE VII- DISCRIMINATION, HOSTILE WORK ENVIRONMENT)
### (Against all Defendants)

29. Plaintiff incorporates by reference paragraphs 1 through above as though fully set forth at length herein.

30. The Defendants subjected her to a hostile working environment and discrimination based on her gender and color, origin and race as detailed above.

31. The hostile work environment was severe and pervasive based on the nature of the harassment, including egregious statements made by numerous employees expressing animus towards her race, and color, the constant and unwavering harassment and derogatory comments towards her based on her race, and color, and Defendant's Todd Hamric blatant denial of her right to promotion, and refusal to reassign plaintiff to another group despite repeated requests to do so as an employee.

32. Defendants treated nonwhite employees less favorably.

33. She avers that defendant failure to treat similarly situated employees the same way under like situations is compelling circumstantial evidence of discrimination.

34. Additionally, the Defendant discriminated against her and treated her significantly differently than other similarly situated employees. **By way of example:**

## III.    STATEMENT OF CLAIM

35. In December 2019, Jagadeesh Anbalagan, her close friend and colleague, overheard a conspiracy by Todd Crouse and Todd Hamric to get her fired. This conspiracy led to continuous harassment despite an investigation clearing her of any wrongdoing.

36. From December 2019 to September 2020, she faced unfair treatment in her everyday work assignments. She was given twice the workload of her white colleagues, while Todd Crouse was allowed to neglect his tasks and create false narratives about her not training him properly.

37. Plaintiff was instructed by Glen Wingerd to document work distribution, create recordings of meetings, and training sessions. However, she was later blocked from accessing this information stored in SharePoint by Toff Crouse.

38. In September 2020, she requested a transfer to a different team due to the unbearable workload and stress, but the request was only partly granted, and she was instructed to create additional training videos for Todd Crouse, who continued to disturb the meetings intentionally.

39. In October 2020, she reported feeling harassed and presented evidence of Todd Crouse's disruptive behavior to Todd Hamric. Despite this, no action was taken to address her concerns.

40. In May 2021, Gunjan Goel informed Plaintiff that Todd Crouse instructed him not to contact her for any work-related issues, spreading false information about her. Plaintiff reported this to Brandon Ainsworth, but the concern was dismissed.

## III.   STATEMENT OF CLAIM

41. Plaintiff's repeated requests for a change in supervisor due to harassment were denied. Instead, Todd Crouse was promoted to lead in October 2023 despite his unethical behavior, while more qualified candidates, including Plaintiff, were overlooked.

42. Despite repeatedly reporting discrimination and harassment to managers and the company's HR department, including Ashley Willis, Plaintiff's concerns were dismissed without proper investigation or action.

43. The continuous hostile environment led to severe health issues for Plaintiff, including anxiety disorder, vomiting, weight loss, and nausea, as documented by her physician, Jian Wei, MD, PhD, in December 2023.

44. She faced retaliation for reporting unlawful actions and discrimination. In October 2023, Plaintiff informed Delilah Ward of the ongoing unfair treatment by Todd Crouse and Todd Hamric, providing video and data evidence, but faced further discrimination and harassment from the company's HR department.

45. Under immense pressure and with no resolution in sight, she was asked about her next steps, effectively forcing her to resign. In December 2023, while on leave of absence, Plaintiff informed the Defendant of her decision to resign due to discrimination based on race and national origin, formally resigning on January 2, 2024.

46. The combination of unfair workload, isolation from colleagues, ignored complaints, and health deterioration due to stress created a hostile work environment. Her medical records document the physical and psychological harm caused by the discriminatory work stress she endured at Tractor Supply Co.

## III.   STATEMENT OF CLAIM

47. Plaintiff considered the aforementioned conduct to be discriminatory, and reported said discriminatory conduct, both verbally and in writing, to numerous management level employees of Defendant.

48. Plaintiff believes that Defendant's articulated reason for her termination was pretextual and that her employment was actually terminated based on her sex, race, her actual and/or perceived disability and/or record of impairment, and in retaliation for opposing unlawful discrimination in the workplace.

49. Accordingly, Defendant Tractor Supply Co was fully aware of the hostile work environment. However, despite Plaintiff numerous complaints of discrimination, Defendant failed to conduct an investigation or otherwise cause the discriminatory conduct to cease.

50. Rather than cause the discriminatory conduct to cease, Defendant causes her to forcibly terminate Plaintiff employment without justification in violation of public policy. However, Defendant's reason for Plaintiff termination is pretextual, premeditated and her employment was actually terminated because of the complaint.

51. Accordingly, Defendant's discriminatory acts have deprived Plaintiff of equal employment opportunities because of her race, color and engagement of protected activity in violation of Title VII.

52. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of Title VII, she sustained permanent and irreparable harm, resulting in the loss of her employment. Thus, caused her to sustain a loss of earnings, plus

the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

53. As a further direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendants in violation of Title VII, Plaintiff suffered severe emotional distress, embarrassment, humiliation, and loss of self- esteem.

## COUNT II (TITLE VII- RETALIATION).
### (Against all defendants)

54. Plaintiff incorporates by reference paragraphs 1 through above as though fully set forth at length herein.

55. The actions of Defendant, through its agents, servants, and employees, in subjecting her to retaliation for opposing unlawful discrimination in the workplace, constituted a violation of Title VII.

56. Defendant constructively terminated her employment in retaliation for registering numerous complaints of discrimination in the workplace.

57. The reason articulated for her termination is pretextual, and her employment was actually terminated in retaliation for opposing unlawful discrimination in the workplace.

58. As a direct result of the aforesaid unlawful retaliatory practices engaged in by the Defendant in violation of Title VII, Plaintiff sustained permanent and irreparable harm, resulting in the loss of her employment. Thus, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

## III. STATEMENT OF CLAIM

59. From December 2019 to September 2020, she was given twice the workload of her white colleagues. Complaints to Todd Hamric about this unfair treatment were ignored. This retaliation created an increasingly hostile work environment after she was cleared of any wrongdoing in the investigation.

60. She was informed by Gunjan Goel that Todd Crouse had instructed colleagues not to contact her for work-related issues, spreading false information. She reported this to Brandon Ainsworth, but the concern was dismissed, isolating her further from her team and creating a retaliatory barrier to her effective work performance.

61. Despite reporting harassment and presenting evidence of Todd Crouse's disruptive behavior to Todd Hamric in October 2020, no action was taken. The failure to allow the continuation of the harassment shows a pattern of retaliation for raising concerns about hostile work conditions.

62. Despite her repeatedly reporting discrimination and harassment to multiple managers and the HR department, including Ashley Willis, her concerns were dismissed without proper investigation or action. Ashley Willis even suggested she should be terminated, furthering the retaliatory actions against her.

63. The hostile work environment led to Plaintiff's health deterioration, including anxiety disorder, vomiting, weight loss, and nausea, as documented by her physician, Jian Wei, MD, PhD, in December 2023. These health issues were a direct result of the retaliatory actions and the failure to address her complaints.

## III.   STATEMENT OF CLAIM

64. Under immense pressure and with no resolution in sight, she was effectively forced to resign. Despite informing Delilah Ward of the ongoing unfair treatment and providing video and data evidence in October 2023, she faced further discrimination and harassment from the HR department. She decided to leave the company, formally resigning on January 2, 2024, due to the ongoing retaliatory actions and the failure to address her discrimination and harassment complaints.

65. As a further direct result of the aforesaid unlawful retaliatory employment practices engaged in by the Defendant in violation of Title VII, Plaintiff suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT III

### (DISCRIMINATION, HOSTILE WORK ENVIRONMENT) (Against all defendants)

66. Plaintiff incorporates by reference paragraphs 1 through above as though fully set forth at length herein.

67. The Defendants subjected her to a hostile working environment and discrimination based on registering numerous complaints of discrimination in the workplace as detailed above.

68. The hostile work environment was severe and pervasive based on the nature of the harassment, including egregious statements made by numerous employees expressing animus towards her, the constant and unwavering harassment and derogatory comments towards her based on her complaint, and Defendant denial of her right; she was left to endure pre-meditated retaliation and shunned from being included in the work that defendant is doing.

## III.    STATEMENT OF CLAIM

69. She considered the aforementioned conduct to be discriminatory, and reported said discriminatory conduct, both verbally and in writing, to numerous management level employees of Defendant.

70. Accordingly, Defendant was fully aware of the hostile work environment. However, despite Plaintiff numerous complaints of discrimination, Defendant failed to conduct an investigation or otherwise cause the discriminatory conduct to cease.

71. Rather than cause the discriminatory conduct to cease, Defendant terminated Plaintiff's employment, without justification. However, Defendant's reason for Plaintiff's termination is pretextual, and her employment was actually terminated because of the complaint of discrimination.

72. As a further direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant, Plaintiff suffered severe emotional distress, embarrassment, humiliation, and loss of self- esteem.

## COUNT V

## (WRONGFUL CONSTRUCTIVE TERMINATION OF EMPLOYMENT IN VIOLATION OF PUBLIC POLICY)

### (Against all Defendants)

73. The allegations set forth in paragraphs 1 through above are re-alleged and incorporated herein by reference.

74. Defendant terminated her employment because plaintiff exercised her right to file a discriminatory complaint and engage in the civil litigation process.

## III.  STATEMENT OF CLAIM

75. Specifically, her employment was terminated in part because of her protected status (i.e., race, national origin, color, age, and/or good faith complaints). These actions were in violation of federal and states laws.

76. She was discriminated against and harassed based on her national origin by coworkers and supervisors. The discrimination and harassment were regular, routine, and occurred several times a month.

77. The harassment began in December 2019 when her close friend and colleague, Jagadeesh Anbalagan, decided to leave the company. Jagadeesh overheard a conspiracy by Todd Crouse and Todd Hamric to get Plaintiff fired.

78. Despite an investigation clearing her of any wrongdoing, the harassment continued, and the Defendant did not sanction Todd Crouse or Todd Hamric.

79. From December 2019 to September 2020, she faced unfair treatment in her work assignments, receiving twice the workload of her white colleagues, and her complaints to Mr. Hamric were ignored.

80. She documented the work distribution and meeting recordings, as instructed by Glen Wingerd, but was later blocked from accessing this information by Todd Crouse.

81. In September 2020, the workload became unbearable, leading to illness due to stress. Plaintiff requested a transfer, which was partly granted, but she was still required to create additional training videos and documentation.

82. In October 2020, she reported feeling harassed to Todd Hamric, providing evidence of Todd Crouse's disruptive behavior, but no action was taken.

## III.   STATEMENT OF CLAIM

83. Plaintiff's request to move to a different team was granted by Glen Wingerd but the harassment by Todd Crouse continued.

84. In May 2021, she was isolated from her colleagues, as instructed by Todd Crouse. She reported the concerns to Brandon Ainsworth, but he dismissed the issue.

85. Despite her complaints, Todd Crouse was promoted over more qualified candidates in October 2023.

86. From November 2023 to December 2023, she faced further discrimination from the company's HR department, including Ashley Willis.

87. Despite repeated attempts to report the discrimination and harassment, her concerns were dismissed. The hostile working environment caused medical issues, including anxiety disorder, nausea, and weight loss, as documented by Dr. Jian Wei in December 2023 (Exhibit A).

88. On November 13, 2023, she filed a formal report of discrimination and harassment based on race and national origin. Despite notifying management, no effective action was taken (Exhibit B).

89. Plaintiff's repeated attempts to address the issue were dismissed by managers and HR, including Ashley Willis, who suggested Plaintiff should be terminated.

90. She was forced to take a leave of absence and ultimately resigned on January 2, 2024, due to the ongoing discrimination and retaliation (Exhibits C and D).

91. Plaintiff engaged in protected activities by complaining of unlawful actions by the Defendant.

### III. STATEMENT OF CLAIM

92. She was constructively terminated from her employment due to the intolerable working conditions created by the Defendant's discriminatory and retaliatory actions.

93. The Defendant's actions violated public policy by discriminating against her based on her national origin, race, and for opposing unlawful discrimination in the workplace.

94. As a proximate result of defendants' wrongful termination of her employment in violation of fundamental public policies, she has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

95. As a result of Defendants' wrongful termination of her employment, plaintiff has suffered general and special damages in sums according to proof.

96. The Defendant's wrongful termination of Plaintiff's employment was done intentionally in a malicious, fraudulent, and oppressive manner entitling plaintiff to punitive damages.

### COUNT VI

### TITLE VII. 42 U.S. C. § 2000E-3(A)

### RETALIATION AGAINST PLAINTIFF FOR ENGAGING IN PROTECTED ACTIVITY

### (against all Defendants.)

97. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1- through, above.

98. She repeatedly reported instances of discrimination and harassment based on her national origin to various levels of management and HR personnel, including Todd Hamric,

## III. STATEMENT OF CLAIM

Brandon Ainsworth, Delilah Ward, and Ashley Willis. Reporting discrimination and harassment are protected activities under Title VII of the Civil Rights Act of 1964, as they are necessary steps to address and remedy unlawful employment practices.

99. She was instructed by Glen Wingerd to document the unfair treatment and work distribution. She created records and recorded meetings to provide evidence of the discriminatory practices. Documenting and maintaining records of discrimination and harassment are protected activities as they support claims and complaints about unlawful practices.

100. She requested a transfer to a different team in September 2020 due to the unbearable workload and hostile work environment created by discriminatory practices. Requesting a transfer to escape a hostile work environment is a protected activity as it seeks to mitigate the effects of discrimination and harassment.

101. She was required to create additional training videos and documentation specifically for Todd Crouse, despite his disruptive behavior. Providing this documentation as evidence of harassment and unfair treatment is a protected activity as it demonstrates attempts to fulfill job requirements while facing discrimination.

102. On November 13, 2023, she filed a formal report of discrimination and harassment based on her race and national origin with the Defendant's management. Filing formal complaints is a protected activity as it directly addresses unlawful employment practices and seeks remediation.

## III.     STATEMENT OF CLAIM

103. She informed Delilah Ward and other managers of the history of unfair treatment and retaliation by Mr. Crouse and Mr. Hamric. Reporting retaliation is a protected activity as it addresses adverse actions taken in response to her initial complaints of discrimination.

104. Plaintiff requested and was granted a leave of absence in December 2023 due to stress and harassment-related medical issues. Taking leave for medical conditions caused by workplace discrimination and harassment is a protected activity under the Family and Medical Leave Act (FMLA) and other relevant laws.

105. On January 2, 2024, Plaintiff resigned due to the ongoing discrimination and hostile work environment. While resignation itself is not a protected activity, the decision to resign because of intolerable working conditions resulting from unlawful practices support claims of constructive discharge.

106. Plaintiff provided medical documentation of her anxiety disorder and other stress-related conditions caused by the harassment and discrimination at work. Submitting medical evidence to support claims of workplace discrimination and its impact on health is a protected activity.

107. She engaged in discussions with HR, including Ashley Willis, to address and find solutions to the discriminatory practices she experienced. Engaging in these discussions and seeking HR intervention are protected activities as they are steps taken to remedy unlawful employment practices.

## III.   STATEMENT OF CLAIM

108. By engaging in these protected activities, she exercised her rights under federal and state laws to oppose and report discrimination and harassment in the workplace. The subsequent retaliation and constructive termination she faced are violations of these protections.

109. There was a causal connection between Plaintiff's complaints and the materially adverse actions taken against her by defendants. Plaintiff's employment with the defendant company was terminated because of the protected activity engaged by Plaintiff.

110. The retaliation endured by her would dissuade a reasonable employee from making complaints of discrimination and harassment.

111. Defendants retaliated against her for engaging in protected activity in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a)

## III.   STATEMENT OF CLAIM

**Exhibit A** - Medical Record

**Patient:** Keobounhom, Chanthavone
**Account Number:** 19198
**DOB:** 12/07/1981  **Age:** 41 Y  **Sex:** Female
**Phone:** 615-335-5818
**Address:** 876 Arlington Heights Dr., Brentwood, TN-37027

**Provider:** Jian Wei, MD
**Date:** 12/04/2023

## Subjective:

**Chief Complaints:**
  1. Vomiting, loss of weight.

**HPI:**
  Gastroenterology:
    41 year old female presents with c/o nausea for 1 week with food, Onset: gradual, Severity: moderate to severe.  c/o vomiting after meals.
    Denies : dysphagia. Denies : abdominal pain. Denies : constipation. Denies : diarrhea. Denies : fever. Denies : abdominal distension.

**ROS:**
  RESPIRATORY:
    no shortness of breath.  no chest pain.  no chest congestion.  no cough.
  CARDIOLOGY:
    no dizziness.  no chest pain.  no palpitations.  no leg edema.  no shortness of breath. no varicose veins.
  CONSTITUTIONAL:
    no weight gain.  no loss of appetite.  no fever.  no weakness.  no weight loss.  no fatigue.
  GASTROENTEROLOGY:
    nausea yes.  heartburn yes.  vomiting yes.  no abdominal pain.
  PSYCHOLOGY:
    no depression.  high stress level  yes.  anxiety yes.

**Medical History:**  None Provided, Asthma.

**Surgical History:** Denies Past Surgical History.

**Hospitalization/Major Diagnostic Procedure:** Denies Past Hospitalization.

**Family History:**  No Family History documented..

**Social History:**  no Smoking. no Alcohol.

**Medications:** Taking Breo Ellipta 100 mcg-25 mcg/inh powder 1 puff(s) inhaled once a day, Not-Taking/PRN ProAir HFA 90 mcg/inh aerosol 2 puff(s) inhaled 4 times a day, Not-Taking/PRN montelukast 10 mg tablet 1 tab(s) orally once a day, Not-Taking/PRN amoxicillin 875 mg tablet 1 tab(s) orally every 12 hours, Not-Taking/PRN Levaquin 500 mg tablet 1 tab(s) orally every 24 hours, Not-Taking/PRN M-End PE 1.33 mg-6.33 mg-3.33 mg/5 mL liquid 15 mL orally qhs, Not-Taking/PRN Prednisone 5 mg dose pack 5mg dose pack as directed orally , Not-Taking/PRN Prednisone 10mg dose pack 10mg dose pack as directed orally , Not-Taking/PRN amoxicillin 500 mg capsule 1 cap(s) orally TID, Not-Taking/PRN Tobrex 0.3% solution 2gtt in each affected eye q4h, Not-Taking/PRN prednisoLONE ophthalmic sodium phosphate 0.125% solution 2gtt in each affected eye every 4 hours, Not-Taking/PRN ketoconazole topical 2% cream 1 app applied topically BID, Not-Taking/PRN triamcinolone topical 0.1% cream 1 app applied topically BID, Discontinued M-End PE 1.33 mg-6.33 mg-3.33 mg/5 mL liquid 15 mL orally every 6 hours, Discontinued Prednisone 10mg dose pack 10mg dose pack as directed orally , Discontinued Kenalog/Dexamethasone 40mg/mL-4mg/mL suspension 0.5mL/0.5mL intramuscularly 1X, Discontinued Prednisone 10mg dose pack 10mg dose pack as directed orally

**Allergies:** N.K.D.A.

---

**Provider:** Jian Wei, MD
**Date:** 12/04/2023

## Objective:

**Vitals:** Temp: **98.9**, HR: **89**, Pulse Ox: **99**, BP: **126/86**.

**Physical Examination:**

ABDOMEN:

Shape: normal. Inguinal nodes: not enlarged. Bowel Sounds: normoactive. Scars: no. Hernia: absent. Tenderness: no. Guarding: no. Liver, Spleen: not palpable. Masses: no.

CHEST:

Shape and expansion: normal, good effort. Breath sounds: normal. Percussion: normal. Rales: no. Wheezes: no.

GENERAL:

General Appearence: well nourished, pleasant. A+O X3 yes.

HEART:

PMI: normal. Rhythm: regular. Heart sounds: normal. Murmurs: no. Clicks: no.

## Assessment:

**Assessment:**

1. Vomiting, unspecified - R11.10 (Primary)
2. Nausea - R11.0
3. Anxiety disorder, unspecified - F41.9

## Plan:

**1. Vomiting, unspecified**

Start ondansetron tablet, 8 mg, 1 tab(s), orally, 3 times a day, 10 day(s), 30 Tablet, Refills 0 ;  Start Protonix delayed release tablet, 40 mg, 1 tab(s), orally, once a day, 30 day(s), 1, Refills 0 .

LAB: Pregnancy test - urine   Negative

**2. Anxiety disorder, unspecified**

Start ALPRAZolam tablet, 0.25 mg, 1 tab(s), orally, prn for anxiety, 30 days, 30, Refills 0 .

**Procedure Codes:** 81025 URINE PREGNANCY TEST

**Follow Up:** 2 - 3 Days if not better

## Images:

_signature_ MD

Electronically signed by Jian Wei , MD, PhD on 05/30/2024 at 11:31 PM CDT
Sign off status: Completed

---

**Provider: Jian Wei, MD**

**Date: 12/04/2023**

## III.    STATEMENT OF CLAIM

**Exhibit B** - Ethics Points report

**REPORT DETAILS**
**Report Submission Date**
11/13/2023

**Reported Company/Branch Information**
Location STORE SUPPORT CENTE
5401 VIRGINIA WAY
City/State/Zip: BRENTWOOD, TN, 37027, UNITED STATES )

**Are you an Employee?**
Yes

**Please identify the person(s) involved:**
Todd Crouse - Team Lead, Quality Assurance
Nick Underwood - VP Infrastructure and Operations
Todd Hamric - Manager Quality

**Have you notified management?**
Yes

**If yes, who was notified and when?**
Delilah Ward

**Where did this incident occur?**
SSC

**When did this incident occur?**
December 2019
October 2020
May 2021
October 2023

**How did you become aware of this incident?**
It happened to me

**Details**
December 2019: Jagadeesh Anbalagan decided to leave the company. Todd Crouse reported to Todd Hamric that I cause him to leave. Todd Hamric investigated and document the issue. After investigation, it was determined to be false.

October 2020: I reported to Todd Hamric that I feel like I'm being harass and the workplace is hostile. Todd Crouse is psychological harming my mental health by disturbing meetings. I also showed Todd Hamric the meeting videos. I went to Glen Wingerd to request to move to a different team.

May 2021: Gunjan Goel inform me that Todd Crouse stated that he not allowed to contact me for any work issue and false information are being communicated.

October 2023: Nick Underwood promoted Todd Crouse to be the lead although there are others more qualified canidates.

**Follow-Up Notes**
There are no additional notes for this report.

**Follow-Up Questions/Comments**
11/13/2023 10:26 AM posted by Organization
Thank you for contacting the Out Here Line. Your report is assigned to a representative on the Store Support Team for investigation.

**Chat Transcripts**
There are no chat transcripts for this incident.

## III. STATEMENT OF CLAIM

**Exhibit C** - Leave of Absence


## Claim Received: Video Inside -Claim Number: 42269540 (Encrypted Delivery)

1 message

**GBClaims@thehartford.com** <GBClaims@thehartford.com>
To: CHANTHAVONEK@gmail.com

Mon, Dec 4, 2023 at 10:54 AM

**\*\*\*\*\* PLEASE DO NOT SELECT "REPLY" TO RESPOND TO THIS EMAIL. SEE HOW TO CONTACT US BELOW \*\*\*\*\***

Dear Chanthavone,

We've received your claim.

We've made a short video for you that we recommend you watch. It goes over what may still be needed to make your claim decision, and any next steps. You may want to watch the video in private since it includes personal information.



**Get a Closer Look at Your Claim Status**
You can view your claim status and information any time online at **https://abilityadvantage.thehartford.com.**

If you have questions or need help, visit https://abilityadvantage.thehartford.com or call us at 888-809-1161. We're here weekdays from 8:00 AM to 8:00 PM ET.

Have a great day,

The Hartford
Group Benefits Claims Team

The Hartford Financial Services Group, Inc., (NYSE: HIG) operates through its subsidiaries, including underwriting companies Hartford Life and Accident Insurance Company and Hartford Fire Insurance Company, under the brand name, The Hartford®, and is headquartered at One Hartford Plaza, Hartford, CT 06155. For additional details, please read The Hartford's legal notice at www.thehartford.com. The Hartford is the administrator for certain group benefits business written by Aetna Life Insurance Company and Talcott Resolution Life Insurance Company (formerly known as Hartford Life Insurance Company). The Hartford also provides administrative and claim services for employer leave of absence programs and self-funded disability benefit plans.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
This communication, including attachments, is for the exclusive use of addressee and may contain proprietary, confidential and/or privileged information. If you are not the intended recipient, any use, copying, disclosure, dissemination or distribution is strictly prohibited. If you are not the intended recipient, please notify the sender immediately by return e-mail, delete this communication and destroy all copies.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

TIME : 12/08/2023 04:10PM
NAME : EPFP
FAX : 6153327707
TEL :
SER.# : U64969M1N220568

| | |
|---|---|
| DATE, TIME | 12/08 04:08PM |
| FAX NO./NAME | 18333575153 |
| DURATION | 00:01:42 |
| PAGE(S) | 03 |
| RESULT | OK |
| MODE | STANDARD |

RECEIVED 12/07/2023 08:21AM 6153327707    EPFP

12/07/23 08:29:49 1-855-893-4357    →    6153327707 The Hartford    Page 001



PO Box 14869
Lexington, KY 40512
888-809-1161

THE HARTFORD

**Medical Information Request**

| To: Dr. Jaui wei | From: The Hartford Disability |
|---|---|
| Employer: TRACTOR SUPPLY COMPANY | Date: 12/07/2023 |
| Fax Number: 6153327707 | Sender's Fax Number: 833-857-5153 |
| | CLAIM NUMBER: 42269540 |
| Phone number: | Sender's Phone Number: 888-809-1161 |
| Re: Chanthavone Keohounham | |
| Date of Birth: 12/7/1981 | |

### ** REQUEST FOR MEDICAL INFORMATION **

Your patient has requested Disability benefits for an absence from work beginning on 11/29/2023. Medical documentation is required to support your patient's request. We have attached an Attending Physician's Statement for you to complete along with a Medical Authorization Form. If we don't have your patient's authorization on file, the form will be blank. You can have them fill it out if you need it.

In addition, please indicate if the patient is able to return to work with restrictions (hourly or physical). The patient's employer may be able to accommodate the restrictions and help them return to work.

Make sure the claim number 42269540 is included on each page.

*Please note: The information requested is essential to consider 'authorization of disability benefits' for the patient. No benefits (wage replacement) will be authorized without this information.*

Disclaimer:
This message is intended only for the use of the individual or entity to which it is addressed and may contain confidential and/or proprietary information. If you are not the intended recipient or the associate or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you received this



PO Box 14869
Lexington, KY 40512
888-809-1161

**Medical Information Request**

| To: Dr. Jaui wei | From: The Hartford Disability |
|---|---|
| Employer: TRACTOR SUPPLY COMPANY | Date: 12/07/2023 |
| Fax Number: 6153327707 | Sender's Fax Number: 833-357-5153 |
| | CLAIM NUMBER: 42269540 |
| Phone number: | Sender's Phone Number: 888-809-1161 |
| Re: Chanthavone Keobounhom | |
| Date of Birth: 12/7/1981 | |

## ** REQUEST FOR MEDICAL INFORMATION **

Your patient has requested Disability benefits for an absence from work beginning on 11/29/2023. Medical documentation is required to support your patient's request. We have attached an Attending Physician's Statement for you to complete along with a Medical Authorization Form. If we don't have your patient's authorization on file, the form will be blank. You can have them fill it out if you need it.

In addition, please indicate if the patient is able to return to work with restrictions (hourly or physical). The patient's employer may be able to accommodate the restrictions and help them return to work.

Make sure the claim number **42269540** is included on each page.

*Please note: The information requested is essential to consider 'authorization of disability benefits' for the patient. No benefits (wage replacement) will be authorized without this information.*

Disclaimer:
This message is intended only for the use of the individual or entity to which it is addressed and may contain confidential and/or proprietary information. If you are not the intended recipient or the associate or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you received this communication in error, please notify the sender at the phone number above.

The information contained in this document is CONFIDENTIAL. If you have received this in error, please fax immediately to **833-357-5153**.

If you have questions or need help, you can call us at **888-809-1161** between 8:00 AM and 8:00 PM ET, Monday through Friday or visit us online at https://abilityadvantage.thehartford.com. We're here to help.

Thank you,

The Hartford Financial Services Group, Inc., (NYSE: HIG) operates through its subsidiaries, including underwriting companies Hartford Life and Accident Insurance Company and Hartford Fire Insurance Company, under the brand name, The Hartford®, and is headquartered at One Hartford Plaza, Hartford, CT 06155. For additional details, please read The Hartford's legal notice at www.thehartford.com. The Hartford is the administrator for certain group benefits business written by Aetna Life Insurance Company and Talcott Resolution Life Insurance Company (formerly known as Hartford Life Insurance Company). The Hartford also provides administrative and claim services for employer leave of absence programs and self-funded disability benefit plans.

42269540 CHANTHAVONE KEOBOUNHOM
Please fax the completed form to:
Toll Free Fax: 833-357-5153
The Hartford
PO Box 14869, Lexington, KY 40512
Email: GBInformationUpload@thehartford.com
Attending Physicians Statement - English
Authorization to Obtain and Disclose Information

Please fax the completed form to:
Toll Free Fax 833-357-5153
The Hartford
PO Box 14869 Lexington, KY-40512
Email: GBInformationUpload@thehartford.com
To be completed by Provider  (The patient is responsible for completion of this form without expense to the company)

# Attending Physician's Statement – Initial

**Patient Last Name:** KEOBOUNHOM
**Patient First (or Preferred) Name:** CHANTHAVONE
**Date of Birth:**
**Claim Id Number:** 42269540

## Condition

**Patient's condition is a result of:**
☒ Illness ☐ Injury ☐ Pregnancy

**If illness or injury, is condition related to:**
☐ Work Activity ☐ Motor Vehicle Accident
☐ Intentional/Self-Inflicted

**If pregnancy, what is date of delivery?**
__/__/____ MM DD YYYY ☐ Actual ☐ Estimated

**Condition onset:** 11/39/2023 MM DD YYYY

**Date you first treated this patient:** 12/04/2023 MM DD YYYY

**First day recommended out of work:** 11/39/2023 MM DD YYYY

**Office visit to complete this form:** 12/04/2023 MM DD YYYY ☒ In Person ☐ Telemedicine

**Projected return to work date:** 12/13/2023 MM DD YYYY

## Disabling Diagnosis(es) and Impact to Function

**ICD-10 Code**
Please provide most specific codes:

F. 41.9

Description of corresponding symptoms

[B][H][H][H][9]|_|_|_| and [B][H][H][H][9][H]|_|_| _nausea anxiety/oss_

Please provide most specific code possible, one character per block, up to two code entries possible. Ex: |X|#|#|.|#|#|#|#|

## Co-Morbid Conditions with Impact to Diagnosis

☒ None
☐ Diabetes
☐ Hypertension
☐ COPD
☐ Opioid Usage
☐ Heart Disease
☐ Obesity
☐ Arthritis
☐ Psoriasis
☐ Asthma/Bronchitis
☐ Auto-Immune Disease
☐ Other _____
☐ Mental Health
☐ Cognitive Impairment

In your opinion is the patient competent to endorse checks and direct the use of proceeds? ☐ Yes ☐ No

## Treatment Plan

☒ Conservative treatment
☐ Hospitalization
☒ Bed Rest
☐ Palliative care
☐ Hospice Care

Admittance date: __/__/____ MM DD YYYY
Discharge date: __/__/____ MM DD YYYY

☐ Next/Another appointment Date: __/__/____ MM DD YYYY ☐ In Person ☐ Telemedicine

☐ Physical/Occupational therapy |_| times per week ☐ until __/__/____ MM DD YYYY ☐ Actual ☐ Estimated

☐ Surgery Date: __/__/____ MM DD YYYY CPT Code(s): |_|_|_|.|_|_|_| and |_|_|_|.|_|_|_|
Please provide most specific code possible, one number per block, up to two code entries possible. Ex: |#|#|#|#|

☐ Referral to a specialist Type: _____ Contact info: _____

## Current Medications (related to condition or impacting function)

☐ None ☐ Over counter medications: _____

☒ Prescription medications Name(s): _Zofran, protonix, zofra_

☒ Impacting function? ☒ Yes ☐ No If yes, why? _somnolence_

☐ Chemotherapy ☐ Radiation Start Date: __/__/____ MM DD YYYY End Date: __/__/____ MM DD YYYY

The Hartford Financial Services Group, Inc., (NYSE: HIG) operates through its subsidiaries, including underwriting companies Hartford Life and Accident Insurance Company and Hartford Fire Insurance Company, under the brand name, The Hartford®, and is headquartered at One Hartford Plaza, Hartford, CT 06155. For additional details, please read The Hartford's legal notice at www.thehartford.com. The Hartford is the administrator for certain group benefits business written by Aetna Life Insurance Company and Talcott Resolution Life Insurance Company (formerly known as The Hartford Life Insurance Company). The Hartford also provides administrative and claim services for employer leave of absence programs and self-funded disability benefit plans.

LC-7135-15                                        12/2022

Please fax the completed form to:
Toll Free Fax 833-357-5153
The Hartford
PO Box 14869 Lexington, KY-40512
Email: GBInformationUpload@thehartford.com

THE HARTFORD

## Attending Physician's Statement – Initial
To be completed by Provider (The patient is responsible for completion of this form without expense to the company)

| Patient Last Name: | Patient First (or Preferred) Name: | Date of Birth: | Claim Id Number: |
|---|---|---|---|
| KEOBOUNHOM | CHANTHAVONE | | 4226954D |

Level of Functionality: Based upon your medical findings and opinion, address the full range of your patient's abilities. We will conclude that there are no restrictions or functions unless specified below.

Expected duration of any restriction(s) or limitation(s) listed below THROUGH 2 /12 /20 2 3
                                                                                    MM  DD  YYYY

In a workday the patient is able to: (select either Continuous or Intermittent)

| | Continuously with standard breaks | | Intermittently with standard breaks | If intermittent, enter time for each section below |
|---|---|---|---|---|
| | | | | Hours at one time | Total hours in a workday |
| Sit | ☒ | or | ☐ | | |
| Stand | ☒ | or | ☐ | | |
| Walk | ☒ | or | ☐ | | |

Key: C = Continuously (5.5 – 8 hours)  F = Frequently (2.5 – 5.5 hours)  O = Occasionally (up to 2.5 hours)  N = Never

| Activity Ability | C | F | O | N | Activity Ability | Right/Left | C | F | O | N |
|---|---|---|---|---|---|---|---|---|---|---|
| ☐ Drive | ☐ | ☐ | ☐ | ☐ | ☐ Squat / Kneel | | ☐ | ☐ | ☐ | ☐ |
| ☐ Weight bearing | ☒ | ☐ | ☐ | ☐ | Hand Dominance | ☐R ☐L | | | | |
| ☐ Climb | ☒ | ☐ | ☐ | ☐ | ☐ Fine Manipulation | ☐R ☐L | ☐ | ☐ | ☐ | ☐ |
| ☐ Bend | ☒ | ☐ | ☐ | ☐ | ☐ Gross Manipulation | ☐R ☐L | ☐ | ☐ | ☐ | ☐ |
| ☐ Max lift | ___LBS | ___LBS | ___LBS | ___LBS | ☐ Reach above shoulder | ☐R ☐L | ☐ | ☐ | ☐ | ☐ |
| ☐ Max Carry | ___LBS | ___LBS | ___LBS | ___LBS | ☐ Reach below shoulder | ☐R ☐L | ☐ | ☐ | ☐ | ☐ |

Completed or Planned Diagnostic Tests, labs and imaging (relevant to the disabling diagnosis)

Completed: ☐ X-ray __/__/____ ☐ MRI __/__/____ ☐ CT __/__/____ ☐ EKG __/__/____
                   MM DD YYYY         MM DD YYYY        MM DD YYYY        MM DD YYYY
☐ ECHO __/__/____ ☐ EMG __/__/____ ☐ Lab Work __/__/____
              MM DD YYYY        MM DD YYYY              MM DD YYYY

Findings of completed tests: ☐ No significant findings  ☐ Confirmed diagnosis

Planned: ☐ X-ray ☐ MRI ☐ CT ☐ EKG ☐ ECHO ☐ EMG ☐ Lab Work  Scheduled date __/__/____
                                                                                    MM DD YYYY

**Provider Details**

Provider Name: Eric Potnugal, PA
Specialty: Fam. P.
EIN Number: 792254522
License Number: 2 T12

Email:
Phone: (615)332-22 00
Fax: (615)332-22 00

Provider Signature:

Date: 12 /08 /2023
         MM  DD  YYYY

LC-7135-15                          Page 2 of 2                          12/2022

## III. STATEMENT OF CLAIM

**Exhibit D** - Resignation



## Employer Notification to Employees of the Availability of Unemployment Compensation

Unemployment Insurance (UI) benefits are available to workers who are unemployed and who meet the requirements of state UI eligibility laws. You may file a UI claim in the first week that employment stops or work hours are reduced.

For assistance or more information about filing a UI claim, call 1-844-224-5818 or visit www.jobs4tn.gov.

You will need to provide the state UI agency with the following information in order for the state to process your claim:

1. Your full legal name;
2. Your Social Security Number; and
3. Your authorization to work (if you are not a US Citizen or

resident. To file a UI claim by phone call: (844) 224-5818

To file a UI claim online, visit: www.jobs4tn.gov

If you have questions about the status of your UI claim, you can call the state UI agency at 1-844-224-5818 or email lwd.support@tn.gov.

LB-0489 (Rev. 08-2020)

RDA 0063



# SEPARATION NOTICE

1. Employee's Name: __Chanthavone  Keobounhom__          2. SSN: __6005__
                *First*        *Middle Initial*    *Last*

3. Last Employed: From: __8/28/2017__ to __1/2/2024__   Occupation: __SR.ENGINEER, IT TEST__
                 *(mm/dd/yyyy)*   *(mm/dd/yyyy)*

4. Where was work performed? _____

5. Reason for Separation:   [ ] Lack of Work    [ ] Discharge    [X] Quit

  If lack of work, indicate if layoff is:  [ ] Permanent   [ ] Temporary - Recall Date _____
                                                                 *(mm/dd/yyyy)*

  If __temporary__, report any vacation pay that will be paid.  Week Ending Date _____ Amount $ _____
                                                                  *(mm/dd/yyyy)*

  If layoff is __indefinite__ vacation pay should not be reported.

6. Employee received:   [ ] Wages in Lieu of Notice   [ ] Severance Pay

  In the amount of $ _____ for period from _____ to _____
                                           *(mm/dd/yyyy)*   *(mm/dd/yyyy)*

  If other than lack of work, explain the circumstances of this separation:

VQ-PERSONAL REASONS

Employer's Name:   TRACTOR SUPPLY COMPANY

Address where additional information may be obtained:

P.O. Box 280100
Nashville, TN 37228

Employer's Telephone Number:

(615) 242-8246

Employer's Email Address:

StateSeparations@thomas-and-company.com

Employer's Account Number:   519133     *Number shown on State Quarterly Wage Report (LB-0851) and Premium Report (LB-0456)*

I certify that the above worker has been separated from work and the information furnished hereon is true and correct.
**This report has been handed to or mailed to the worker.**

| Signature of Official or Representative of the Employer who has first-hand knowledge of the separation | Title of Person Signing | Date Completed and Released to Employee |
|---|---|---|
| Jessica Ralston | Claims Manager | 1/10/2024 |
| | | *(mm/dd/yyyy)* |

**NOTICE TO EMPLOYER**
Within 24 hours of the time of separation, you are required by Rule 0800-09-01-.02 of the Tennessee Employment Security Law to provide the employee with this document, properly executed, giving the reasons for separation. If you subsequently receive a time sensitive request for separation information for the same information please give complete information in your response.

**NOTICE TO EMPLOYEE**
YOU MAY BE INSTRUCTED TO MAIL OR FAX THE SEPARATION NOTICE TO TENNESSEE CLAIMS OPERATIONS IF YOU FILE A CLAIM FOR UNEMPLOYMENT INSURANCE BENEFITS.

LB-0489 (Rev. 08-2020)

RDA 0063



# INSTRUCTIONS
# SEPARATION NOTICE

Rule 0800-09-01-.02 of the Rules and Regulations of the Tennessee Employment Security Law, requires all employers to furnish each separated employee with a Separation Notice, LB-0489, within 24 hours of the employee's separation from employment.

Separation Notices do not have to be given to any employee who has been in your employ for less than a week or who will be recalled within seven days.

Separation Notices reduce the administrative costs of processing an unemployment insurance claim and helps make a more accurate determination of the claimant's eligibility for benefits.

Please complete the Separation Notice in its entirety.

### Item 5

Check the appropriate block as to the reason the worker is separated. If the separation was for any reason other than lack of work, give a clear explanation for the separation in the box provided. Please indicate whether the separation is permanent or temporary, and, if temporary, when you expect to recall the worker.

### Item 6

**Wages in lieu of notice and severance pay affect UI**

The Unemployment Insurance Accountability Act of 2012 denies unemployment insurance benefits to any claimant who is receiving or has received wages in lieu of notice equivalent to the wages he could have earned in that week had he been permitted to work during the period of notice. Wages in lieu of notice are wages paid under circumstances in which the employer did not give an advance notice of separation to the employee and are paid irrespective of the length of service of the employee.

UI benefits will also be denied to any claimant for any week in which he received a severance package that includes an equivalent amount of salary the employee would have received if he were working during that week.

Both the wages in lieu of notice and the severance provisions will not apply to claimants whose separating employer filed notice of a reduction in operations, in accordance with Tennessee Employment Security law, prior to July 1, 2012.

**To obtain Separation Notice forms, please:**

■ Make copies of the form, or

■ Visit our website tn.gov/workforce

## V.    RELIEF

1. Defendants compensate Plaintiff with a rate of pay and other benefits and emoluments of employment to which she would have been entitled had he not been subjected to unlawful discrimination.

2. Defendants compensate Plaintiff with an award of front pay, if appropriate.

3. Defendants pay to Plaintiff punitive damages, compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses as allowable not less than $200,0000.

4. Defendants pay to Plaintiff, pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law.

5. The Court award such other relief as is deemed just and proper.


6. **Economic damages**: As a consequence of defendants' conduct, she has suffered and will suffer harm, including lost past and future income and employment benefits, damage to her career, and lost wages, overtime, unpaid expenses, and penalties, as well as interest on unpaid wages at the legal rate from and after each payday on which those wages should have been paid, in a sum to be proven at trial.

7. **Non-economic damages**: As a consequence of defendants' conduct, she has suffered and will suffer psychological and emotional distress, humiliation, and mental and physical pain and anguish, in a sum to be proven at trial.

8. **Punitive damages**: Defendants' conduct constitutes oppression, fraud, and/or malice under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e), etseq., as amended by the

## V.    RELIEF

Civil Rights Act of 1991, at 42 U.S.C. §1981(a) ("Title VII") and, thus, entitles Plaintiff to an award of exemplary and/or punitive damage.

9. **Malice:** Defendants' conduct was committed with malice within the meaning of extant Federal and State laws, including that (a) defendants acted with intent to cause injury to Plaintiff and/or acted with reckless disregard for Plaintiff's injury, including by terminating Plaintiff's employment and/or taking other adverse job actions against Plaintiff because of her race, national origin, color, and/or good faith complaints, and/or (b) defendants' conduct was despicable and committed in willful and conscious disregard of Plaintiff's rights, health, and safety, including Plaintiff's right to be free of discrimination, harassment, retaliation, and wrongful employment termination.

10. **Oppression:** In addition, and/or alternatively, defendants' conduct was committed with oppression within the meaning of extant Federal and State laws, including that defendants' actions against Plaintiff because of her race, national origin, color, sexual orientation, marital status, and/or good faith complaints were "despicable" and subjected Plaintiff to cruel and unjust hardship, in knowing disregard of Plaintiff's rights to a work place free of discrimination, harassment, retaliation, and wrongful employment termination