IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHANTHAVONE KEOBOUNHOM, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3: 24-cv-00912 |
| ) | Chief Judge Campbell |
| TRACTOR SUPPLY COMPANY, ) | Magistrate Judge Frensley |
| et al., ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

This fee-paid, pro se employment discrimination action is before the Court on defendants Todd Crouse, Delilah Ward, and Ashley Willis's, motion to dismiss for failure to state claim. Docket No. 11. Plaintiff does not oppose the motion. Docket No. 16. For the reasons set forth below, the Court recommends the motion be granted and the claims against these defendants be dismissed.

### I. BACKGROUND

Plaintiff Chanthavone Keobounhom was employed as an engineer by Tractor Supply Company ("Tractor Supply" or "company") from August 28, 2017, until her resignation on January 2, 2024. Docket No. 1, p. 24. In her pro se, form complaint Plaintiff asserts claims under Title VII against Tractor Supply and individual defendants Todd Crouse, Quality Assurance Team Leader; Nick Underwood, Vice-President of IT; Delilah Ward, IT Quality Assurance Manager; Ashley Willis, HR manager, and Todd Hamric, IT Quality Assurance Manager, based on her race, Asian/Laotian. Docket No. 1.

Plaintiff alleges that she faced "routine discrimination and harassment" from her coworkers and supervisors and that her friend and colleague, Jagadeesh Anbalagan, informed her that he overheard a conspiracy between Todd Crouse and Todd Hamric to have her fired. Id., at p. 21.

She asserts she was assigned "double the workload compared to her white colleagues" and that Crouse created "false narratives about [her] work performance." Id. Plaintiff claims that the discrimination and harassment caused her "significant stress," which led to her becoming ill. Id. In October 2020, upon her request, she was transferred to another team. Id.

In October 2023, Nick Underwood promoted Todd Crouse to supervisor of Plaintiff's department. Id. at p. 22. She made a request for a new supervisor which was denied. Id. She then informed her direct supervisor, Delilah Ward, of the "ongoing unfair treatment" she had received from Crouse and Hamric. Id.

On November 13, 2023, she filed a formal report of discrimination and harassment with the company, detailing the discriminatory conduct by Crouse, Underwood, and Hamric. Docket No. 1, p. 23. Plaintiff asserts that despite her reports of discrimination and harassment, Ashley Willis, HR manager, "seemed dismissive of her claims" and advised her that the company had no policy in place for her situation. Id.

In December 2023, Plaintiff requested and took medical leave. Id. Plaintiff resigned from her position with Tractor Supply on January 2, 2024. Id. p. 24.

Plaintiff asserts defendants subjected her to a hostile work environment based on her gender, color, origin, and race and in retaliation for registering numerous complaints of discrimination. Id. at pp. 25, 31. She asserts defendants terminated her employment in retaliation for registering complaints of discrimination and for exercising her right to file a complaint of discrimination and engaging in the civil litigation process. Id. at pp. 29, 32.

Individual defendants Crouse, Ward, and Willis, now move to dismiss the claims against them on the basis that they cannot be considered Plaintiff's "employer" within the meaning of Title

VII, and thus they are improper defendants.[1] Docket No. 11. Plaintiff does not oppose the motion and agrees dismissal against these individual defendants is proper. Docket No. 16, pp. 1-2. She reiterates her claims against Tractor Supply and seeks leave to amend her complaint to reflect the dismissal of the claims against Crouse, Ward, and Willis and to streamline the issues. Id. at p. 3. The undersigned agrees dismissal against these individual defendants is proper.

## II. DISCUSSION

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in [the] complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P 8(a)(2)).

To survive a motion to dismiss, the factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. A plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing

---

[1] In a footnote, counsel for defendants Crouse, Ward, and Willis, state that while they do not represent defendants Hamric and Underwood, the claims against those individual defendants should be dismissed as well. Docket No. 11, p. 2. The undersigned declines to address the claims against Hamric and Underwood at this time as no motion by these defendants is before the court. Presumably, based on her response, Plaintiff will dismiss these Defendants in her Amended Complaint.

a complaint, the court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F. 3d 559, 561 (6th Cir. 1998).

Title VII prohibits employers from discriminating against their employees on the basis of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2. An "employer" in defined in Title VII as "a person engaged in an industry affecting commerce who has fifteen or more employees in each of twenty or more calendar weeks in a current or preceding calendar year, and any agent of such a person[.]" 42 U.S.C. § 2000e(b). Individuals who are not considered employers under the relevant statutory definition--including individual supervisors--cannot be personally liable for violations under Title VII. *See Griffin v. Finkbeiner*, 689 F.3d 584, 600 (6th Cir. 2012) (an individual cannot be held personally liable for violations of Title VII); *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 404 n.6, 405 (6th Cir. 1997) ("an individual employee/supervisor, who does not otherwise qualify as an 'employer,' may not be held personally liable under Title VII"); *Liggins v. Ohio*, No. 99-3535, 2000 WL 178420 at *2 (6th Cir. Feb. 8, 2000) (affirming dismissal of plaintiff's Title VII and ADEA claims against individual defendants because they were not employers under those statutes). "Instead, the discriminatory actions of a supervisor may be attributable to the employer itself, against whom liability under the statutory schemes is expressly authorized." *English v. Advance Auto Parts Store #3200*, No. 3:20-cv-00959, 2021 WL 3088260, at *3 (M.D. Tenn. July 22, 2021).

Here, during the time plaintiff made her complaints, Crouse was a former co-worker turned supervisor and Ward was a manager/supervisor. Docket No. 1, pp. 7-8. Willis was a Human Resources "case owner" during the time Plaintiff made her complaints. Id., p. 7. As supervisors and managers--and not employers--Crouse, Ward, and Willis cannot be held personally liable for discrimination under Title VII. Thus, Plaintiff's claims against these defendants are subject to

4

dismissal for failure to state a claim.

### III. CONCLUSION

Based on the foregoing, the undersigned recommends that Defendants' motion to dismiss, (Docket No. 11), be **GRANTED,** and the claims against defendants Todd Crouse, Delilah Ward, and Ashley Willis, be dismissed. Plaintiff shall file any motion to amend her complaint by **June 5, 2025.** Any such motion should comply with Local Rule 15.01 regarding motions to amend pleadings.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn*, 474 U.S. 140, (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**