UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHANTHAVONE KEOBOUNHOM, | |
| Plaintiff, | Case No. 3:24-cv-00912 |
| v. | Chief Judge William L. Campbell, Jr. |
| | Magistrate Judge Luke A. Evans |
| TRACTOR SUPPLY COMPANY, | |
| Defendant. | |

**MEMORANDUM ORDER**

Pending before the Court is Plaintiff's motion for spoliation sanctions against Defendant Tractor Supply Company. (Doc. No. 68.) Defendant responded in opposition. (Doc. No. 70.) Plaintiff filed a reply. (Doc. No. 71.) The motion is now ripe for decision. For the reasons that follow, Plaintiff's motion is denied.

## I.      Background

Plaintiff initiated this action on July 26, 2024. (Doc. No. 1.) The case centers around Plaintiff's claims of employment discrimination, harassment, retaliation, and constructive discharge against Defendant. (Doc. No. 27.) In her amended complaint, Plaintiff alleges that "Todd Crouse, a colleague and later supervisor, harassed Plaintiff by disrupting her training sessions." (*Id.* at 2.) Plaintiff asserts that these training sessions were captured on video and are material to her case. (Doc. No. 68 at 2.) As such, Plaintiff requested the training videos and associated metadata in discovery. (*Id.* at 1–2.). Defendant claims that the training videos and associated metadata no longer exist because the company changed software in 2020 and "no longer uses or has access to the system that stored Plaintiff's requested items." (Doc. No. 70 at 1–2.) Plaintiff now seeks spoliation sanctions pursuant to Federal Rule of Civil Procedure 37(e) because

Defendant destroyed "training videos and associated metadata" from 2019. (Doc. No. 68 at 1.) She asks the Court to "[i]mpose an adverse inference instruction at trial."[1] *Id.*

## II. Legal Standard

"Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Billiter v. SP Plus Corp.*, 329 F. Supp. 3d 459, 465–66 (M.D. Tenn. 2018) (citation omitted). Federal courts may address spoliation by using the "wide array of tools to manage the discovery process, some provided by the Federal Rules of Civil Procedure, some stemming from their inherent power 'to achieve the orderly and expeditious disposition of cases.'" *EPAC Techs., Inc. v. HarperCollins Christian Publ'g, Inc.*, No. 3:12-cv-00463, 2018 WL 1542040, at *10 (M.D. Tenn. Mar. 29, 2018) (*EPAC I*) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)), *aff'd as modified sub nom. EPAC Techs., Inc. v. Thomas Nelson, Inc.*, 2018 WL 3322305 (M.D. Tenn. May 14, 2018) (EPAC II). "The policy underlying this inherent power of the courts is the need to preserve the integrity of the judicial process in order to retain confidence that the process works to uncover the truth." *Silvestri v. Gen. Motors Corp.*, 271 F.3d 583, 590 (4th Cir. 2001).

Rule 37(e) addresses spoliation of electronically stored information (ESI). It provides that:

> [i]f electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable

---

[1] In her reply, Plaintiff also requests relief under Rule 56 related to Defendant's pending motion for summary judgment. (Doc. No. 71.) The Court will not address this request for relief because it is not properly before the Court. *Lepp v. Mallett*, No. 25-CV-10214, 2025 WL 1166155, at *2 (E.D. Mich. Apr. 22, 2025)("Courts do not consider issues that are raised for the first time in a reply brief, in part because it does not allow the other side to respond.").

steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:

> **(1)** upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or

> **(2)** only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:

>> **(A)** presume that the lost information was unfavorable to the party;

>> **(B)** instruct the jury that it may or must presume the information was unfavorable to the party; or

>> **(C)** dismiss the action or enter a default judgment.

Fed. R. Civ. P. 37(e)(1)–(2).

### III.    Analysis

Neither party disputes that Defendant had control over the training videos and metadata at the time they were created in 2019, and they were lost. The issue that remains in dispute is whether Defendant had a duty to preserve them. The starting point for the spoliation analysis in this case is "whether and when a duty to preserve arose." Fed. R. Civ. P. 37(e) adv. cmte. note to 2015 amendment. Rule 37(e) incorporates the common-law "duty to preserve relevant information when litigation is reasonably foreseeable." *Id.* This duty "arises no later than when a lawsuit is filed but may be triggered earlier than the filing of the complaint depending on the particular circumstances." *Bistrian v. Levi*, 448 F. Supp. 3d 454, 468 (E.D. Pa. 2020) (citations omitted); *see also John B. v. Goetz*, 531 F.3d 448, 459 (6th Cir. 2008) ("[A] party to civil litigation has a duty to preserve relevant information, including ESI, when that party 'has notice that the evidence is relevant to litigation or . . . should have known that the evidence may be relevant to future litigation.'" (second alteration in original) (quoting *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 436 (2d Cir. 2001))); *Silvestri*, 271 F.3d at 591 ("The duty to preserve material evidence arises not only during litigation but also extends to that period before the litigation when a party

3

reasonably should know that the evidence may be relevant to anticipated litigation.") (citing *Kronisch v. United States*, 150 F.3d 112, 126 (2d Cir. 1998)). "Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Billiter*, 329 F. Supp. 3d at 465–66 (citation omitted).

The "duty to preserve relevant evidence arises when the party in possession of the evidence knows that litigation *by the party seeking the evidence* is pending or probable." *Design Basics, LLC v. Mitch Harris Bldg. Co.*, No. CV 16-14019, 2021 WL 5563981, at *4 (E.D. Mich. Nov. 29, 2021) (citations omitted). A party cannot be sanctioned for spoliation of ESI if there is no duty to preserve ESI in the first place. *See* Fed. R. Civ. P. 37(e) (referring to ESI "that should have been preserved in the anticipation or conduct of litigation"). The Advisory Committee's notes make clear that Rule 37(e) "does not attempt to create a new duty to preserve." Fed. R. Civ. P. 37(e) adv. cmte. note to 2015 amendment. A theoretical possibility of litigation does not give rise to any duty to preserve evidence; instead, the future litigation must be "probable." *Crossley v. Kettering Adventist Healthcare*, No. 3:20-cv-319, 2023 WL 2554942, at *2 (S.D. Ohio Mar. 17, 2023) (citations omitted). In other words, future litigation means reasonably foreseeable specific litigation, not "any possible or hypothetical lawsuit." *Design Basics*, 2021 WL 5563981, at *4 (citations omitted).

Plaintiff's papers are silent on this point. Instead, Plaintiff argues that Defendant had a general duty to preserve the evidence for auditing purposes because it is a publicly traded company. (Doc. No. 68 at 2.) Whether or not Defendant had a duty to preserve information for auditing purposes is of no consequence here. The requested evidence was created in 2019, and Plaintiff complained about Todd Crouse's conduct close in time to the incident. (Doc. No. 70 at 4.)

Defendant investigated and believed that Plaintiff's concerns were resolved. (*Id.*) Plaintiff did not resign from the company until January 2, 2024. (Doc. No. 27 at 4.) She did not file her complaint with the EEOC until April 30, 2024 (Doc. No. 70 at 4 n.4) and did not initiate this litigation until July 26, 2024. (Doc. No. 1.) There is nothing in the record to indicate that Defendant had actual notice that the evidence was relevant to an issue at trial or that it should have known that the evidence would be relevant to future litigation. Therefore, future litigation was not reasonably foreseeable, and Defendant had no duty to preserve the evidence.

## IV. Conclusion

Plaintiff has failed to sufficiently establish that Defendant had a duty to preserve the training videos and metadata. For these reasons, Plaintiff's motion for spoliation sanctions (Doc. No. 68) is DENIED.

It is so ORDERED.

_____
LUKE A. EVANS
United States Magistrate Judge

5